UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SHANTELL LEWIS, JENNIFER GRANT and
SYRENE PATTEN, on behalf of themselves, and all
other persons similarly situated,

Plaintiffs,

v.                                                    Case No.: 21-cv-04333-CBA-CLP

NEW YORK HEALTH CARE INC.,

Defendant.

---

## <u>DEFENDANT'S ANSWER TO COMPLAINT</u>

Defendant New York Health Care Inc. ("NYHC" or "Defendant"), by its

attorneys, Hodgson Russ LLP, for its Answer to the Complaint of Plaintiffs Shantell Lewis,

Jennifer Grant and Syrene Patten ("Plaintiffs" or "Named Plaintiffs"), states as follows:

1.      With respect to the allegations in paragraph 1, admits that Plaintiffs

purport to bring this action on behalf of themselves and other similarly situated current and

former employees of NYHC, denies that it is liable to Plaintiffs or any putative collective

members, and denies the remaining allegations in that paragraph.

2.      Denies the allegations in paragraph 2.

### <u>THE PARTIES</u>

3.      With respect to the allegations in paragraph 3, lacks knowledge or

information sufficient to form a belief as to the truth of the allegations.

4.      With respect to the allegations in paragraph 4, lacks knowledge or

information sufficient to form a belief as to the truth of the allegations.

5.      With respect to the allegations in paragraph 5, lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

6.      With respect to the allegations in paragraph 6, lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

7.      Admits the allegations in paragraph 7.

8.      With respect to the allegations in paragraph 8, admits that NYHC provides home health and personal care services to its clients in and around the New York metropolitan area, and denies the remaining allegations in that paragraph.

9.      With respect to the allegations in paragraph 9, admits that NYHC is a licensed home health care agency, that it has entered into agreements with one or more managed care plans, and that NYHC received certain reimbursements from managed care plans, and denies the remaining allegations in that paragraph.

10.      With respect to the allegations in paragraph 10, states that it asserts a conclusion of law to which no response is required, and that to the extent a response is required, denies the allegations.

11.      With respect to the allegations in paragraph 11, states that it asserts a conclusion of law to which no response is required, and that to the extent a response is required, denies the allegations.

12.      With respect to the allegations in paragraph 12, admits that NYHC's revenues were over $500,000.00 in each year from 2015 to present, and denies the remaining allegations in that paragraph.

13.     With respect to the allegations in paragraph 13, states that it asserts a conclusion of law to which no response is required, and that to the extent a response is required, denies the allegations.

14.     With respect to the allegations in paragraph 14, states that it asserts a conclusion of law to which no response is required, and that to the extent a response is required, denies the allegations.

## JURISDICTION AND VENUE

15.     With respect to the allegations in paragraph 15, states that it asserts a conclusion of law to which no response is required, and that to the extent a response is required, denies the allegations.

16.     With respect to the allegations in paragraph 16, states that it asserts a conclusion of law to which no response is required, and that to the extent a response is required, denies the allegations.

## COLLECTIVE ACTION ALLEGATIONS

17.     With respect to the allegations in paragraph 17, admits that Plaintiffs purport to bring this action on behalf of themselves and all similarly situated employees, denies that NYHC are liable to Plaintiffs or any putative collective members, denies that this action is properly maintainable as a collective action, and denies the remaining allegations in that paragraph.

18.     Denies the allegations in paragraph 18.

19.     Denies the allegations in paragraph 19.

20.     Denies the allegations in paragraph 20.

21.     Denies the allegations in paragraph 21.

## FACTS

22.     With respect to the allegations in paragraph 22, states that NYHC is a licensed home health care agency that provides services to its clients in and around the New York metropolitan area, and denies the remaining allegations in that paragraph.

23.     With respect to the allegations in paragraph 23, states that Plaintiff Lewis was employed by NYHC as a home health aide between approximately August 2017 and August 2020, and denies the remaining allegations in that paragraph.

24.     With respect to the allegations in paragraph 24, states that Plaintiff Grant was employed by NYHC as a home health aide between approximately October 2016 and June 2021, and denies the remaining allegations in that paragraph.

25.     With respect to the allegations in paragraph 25, states that Plaintiff Patten was employed by NYHC as a home health aide between approximately May 2019 and July 2019, and denies the remaining allegations in that paragraph.

26.     With respect to the allegations in paragraph 26, admits that plaintiffs did not have executive or administrative responsibilities and states that the remaining allegations are too vague and indefinite to permit a response, but to the extent a response is required, denies them.

27.     With respect to the allegations in paragraph 27, states that it asserts a conclusion of law to which no response is required, and that to the extent a response is required, denies the allegations.

28.     Denies the allegations in paragraph 28.

29. Denies the allegations in paragraph 29.

30. With respect to the allegations in paragraph 30, states that Plaintiffs were paid every week and through direct deposit, and denies the remaining allegations in that paragraph

31. With respect to the allegations in paragraph 31, denies that Plaintiffs "worked" 24 hours per day, states that the referenced pay stubs speak for themselves and thus no response is required but that to the extent a response is required, denies the allegations.

32. Denies the allegations in paragraph 32.

33. Denies the allegations in paragraph 33.

34. Denies the allegations in paragraph 34.

35. Denies the allegations in paragraph 35.

36. With respect to the allegations in paragraph 36, denies knowledge and information sufficient to form a belief as to the truth of the allegations.

37. With respect to the allegations in paragraph 37, denies knowledge and information sufficient to form a belief as to the truth of the allegations.

38. With respect to the allegations in paragraph 38, denies knowledge and information sufficient to form a belief as to the truth of the allegations.

39. Denies the allegations in paragraph 39.

40. Denies the allegations in paragraph 40.

41.     With respect to the allegations in paragraph 41, states that NYHC paid Plaintiffs every week, denies that its payments to Plaintiffs were delayed, and denies the remaining allegations in that paragraph.

42.     With respect to the allegations in paragraph 42, states that the referenced paychecks speak for themselves and thus no response is required but that to the extent a response is required, denies the allegations.

43.     Denies the allegations in paragraph 43.

44.     Denies the allegations in paragraph 44.

45.     With respect to the allegations in paragraph 45, admits that NYHC received certain reimbursements from managed care plans, and denies knowledge or information sufficient to form a belief as to whether those reimbursements were funded by New York State Medicaid funds, and denies the remaining allegations in that paragraph.

46.     Denies the allegations in paragraph 46.

47.     Denies the allegations in paragraph 47.

48.     Denies the allegations in paragraph 48.

49.     Denies the allegations in paragraph 49.

50.     Denies the allegations in paragraph 50.

51.     Denies the allegations in paragraph 51.

52.     Denies the allegations in paragraph 52.

53.     Denies the allegations in paragraph 53.

54.     Denies the allegations in paragraph 54.

55.     Denies the allegations in paragraph 55.

56.     Denies the allegations in paragraph 56.

## COUNT I
## (New York Labor Law – Minimum Wage)

57.     NYHC repeats its responses to all paragraphs above as if fully set forth herein.

58.     States that paragraph 58 asserts conclusions of law that do not require a response, and that to the extent a response is required, denies the allegations.

59.     Denies the allegations in paragraph 59.

60.     Denies the allegations in paragraph 60.

61.     Denies the allegations in paragraph 61.

## COUNT II
## (New York Labor Law – Failure to Pay for All Hours Worked)

62.     NYHC repeats its responses to all paragraphs above as if fully set forth herein.

63.     States that paragraph 63 asserts conclusions of law that do not require a response, and that to the extent a response is required, denies the allegations.

64.     Denies the allegations in paragraph 64.

65.     Denies the allegations in paragraph 65.

66.     Denies the allegations in paragraph 66.

67.     Denies the allegations in paragraph 67.

## COUNT III
## (Fair Labor Standards Act – Overtime)

68.     NYHC repeats its responses to all paragraphs above as if fully set forth herein.

69.     States that paragraph 69 asserts conclusions of law that do not require a response, and that to the extent a response is required, denies the allegations.

70.     Denies the allegations in paragraph 70.

71.     Denies the allegations in paragraph 71.

72.     Denies the allegations in paragraph 72.

73.     Denies the allegations in paragraph 73.

## COUNT IV
## (New York Labor Law – Overtime)

74.     NYHC repeats its responses to all paragraphs above as if fully set forth herein.

75.     States that paragraph 75 asserts conclusions of law that do not require a response, and that to the extent a response is required, denies the allegations.

76.     Denies the allegations in paragraph 76.

77.     Denies the allegations in paragraph 77.

78.     Denies the allegations in paragraph 78.

## COUNT V
## (Fair Labor Standards Act – Failure to Pay Wages Promptly)

79.     NYHC repeats its responses to all paragraphs above as if fully set forth herein.

80.     States that paragraph 80 asserts conclusions of law that do not require a response, and that to the extent a response is required, denies the allegations.

81.     Denies the allegations in paragraph 81.

82.     Denies the allegations in paragraph 82.

83.     Denies the allegations in paragraph 83.

## COUNT VI
## (New York Labor Law – Failure to Pay Wages Timely)

84.     NYHC repeats its responses to all paragraphs above as if fully set forth herein.

85.     States that paragraph 85 asserts conclusions of law that do not require a response, and that to the extent a response is required, denies the allegations.

86.     Denies the allegations in paragraph 86.

87.     Denies the allegations in paragraph 87.

88.     Denies the allegations in paragraph 88.

## COUNT VII
## (New York Labor Law – Wage Parity Law Violations)

89.     NYHC repeats its responses to all paragraphs above as if fully set forth herein.

90.     States that paragraph 90 asserts conclusions of law that do not require a response, and that to the extent a response is required, denies the allegations.

91.     Denies the allegations in paragraph 91.

92.     Denies the allegations in paragraph 92.

93.     Denies the allegations in paragraph 93.

## COUNT VIII
### (New York Labor Law – Spread of Hours)

94.     NYHC repeats its responses to all paragraphs above as if fully set forth herein.

95.     States that paragraph 95 asserts conclusions of law that do not require a response, and that to the extent a response is required, denies the allegations.

96.     Denies the allegations in paragraph 96.

97.     Denies the allegations in paragraph 97.

98.     Denies the allegations in paragraph 98.

## COUNT IX
### (New York Labor Law – Wage Theft Prevention Act)

99.     NYHC repeats its responses to all paragraphs above as if fully set forth herein.

100.    States that paragraph 100 asserts conclusions of law that do not require a response, and that to the extent a response is required, denies the allegations.

101.    Denies the allegations in paragraph 101.

102.    Denies the allegations in paragraph 102.

103.    Denies the allegations in paragraph 103.

104.    Denies the allegations in paragraph 104.

## PRAYER FOR RELIEF

105.    NYHC admits only that Plaintiffs purport to seek judgment against it for the relief referenced in parts "a" through "r" of the "WHEREFORE" Paragraph of the Complaint.  NYHC denies the allegations in this "WHEREFORE" Paragraph of the Complaint.

## GENERAL DENIAL

106.    NYHC denies each and every allegation not otherwise expressly addressed in this Answer to the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

107.    In addition to the defenses set forth below, NYHC expressly reserves the right to allege additional defenses as they become known throughout the course of discovery. Further, by setting forth the defenses below, NYHC does not intend to concede or imply that such defenses are affirmative defenses for which NYHC bears the burden of proof.  NYHC reserves its right to assert any and all of the defenses stated below as to any individual who files a consent to join in this action or claims to be similarly situated.

## FIRST DEFENSE
### (Failure to States a Claim)

108.    The Complaint is barred in whole or in part as some or all the allegations fail to states a claim upon which relief can be granted.

## SECOND DEFENSE
### (Other Action Pending/Abstention)

109.     Plaintiffs may not pursue claims in the Eastern District of New York to the
extent those claims are the subject of the parallel litigation in *Andreyeyeva, et al. v. New York*
*Health Care* (Sup. Ct. Kings Cnty., Index no. 14309/2011) and involve substantially the same
parties and substantially the same issues.  *Andryeyeva* is at an advanced stage of adjudication
with an already certified class, of which Plaintiffs are members.

## THIRD DEFENSE
### (Other Action Pending/First Filed Action)

110.     Plaintiffs and members of the putative collective may not pursue claims in
the Eastern District of New York to the extent those claims are already the subject of pending
litigation in *Franck v. New York Health Care Inc.*, 21-cv-4955-GHW-JLC (S.D.N.Y. 2021),
which involves substantially the same parties and substantially the same claims and issues.
Plaintiffs and members of the putative collective meet the definition of the proposed collective in
*Franck*.

## FOURTH DEFENSE
### (Good Faith)

111.     NYHC acted in good faith and had not violated any rights that may be
secured to Plaintiffs and/or any other person with whom they claim to be similarly situated under
any federal, states, or local laws, common laws, rules, regulations and guidelines.

## FIFTH DEFENSE
### (No Claim for Punitive Damages
### or Liquidated Damages)

112.     The Complaint fails to states a claim for punitive damages or liquidated
damages.

## SIXTH DEFENSE
### (Failure to Mitigate)

113.    Plaintiffs and any other person with whom they claim to be similarly situated have failed to mitigate or otherwise act to avoid, lessen or reduce any of the damages, injury or harm of which they now complain.

## SEVENTH DEFENSE
### (Compliance)

114.    NYHC paid and provided working conditions to Plaintiffs and any other person with whom they claim to be similarly situated in compliance with applicable states and federal law and their corresponding regulations.

## EIGHTH DEFENSE
### (Equitable Doctrines)

115.    Plaintiffs and any other person with whom they claim to be similarly situated are barred from recovering based on equitable doctrines, including, without limitation, laches, unclean hands, waiver, and/or estoppel, and prior administrative proceedings.  Some of the claims of the putative collective members may also be barred by releases.

## NINTH DEFENSE
### (Statute of Limitations)

116.    Upon information and belief, some or all of the claims alleged are barred by the statute of limitations, including but not limited to the FLSA's two-year statute of limitations, the FLSA's three-year statute of limitations, and any other applicable statutes of limitations.

## TENTH DEFENSE
### (Standing)

117.    Plaintiffs lacks standing to bring one or more of the claims alleged in the Complaint.

## ELEVENTH DEFENSE
### (Not Compensable Work)

118.    Even if NYHC failed to pay individuals for any of the activities alleged in the Complaint, such activities do not constitute compensable work under the FLSA, the Portal-to-Portal Act, the New York Labor Law, or the New York Home Care Worker Wage Parity Act, and such activities were not an integral and indispensable part of the principal activities of employment of Plaintiffs and any other person with whom they claim to be similarly situated. Accordingly, Plaintiffs' claims are barred in whole or in part.

## TWELFTH DEFENSE
### (No Right to Collective Action)

119.    This action is not a proper collective action, and cannot be properly certified as such, because Plaintiffs cannot establish the existence of each of the requirements under 29 U.S.C. § 216(b) or other relevant legal authority.

## THIRTEENTH DEFENSE
### (No Right to Collective Action on State Claims)

120.    Plaintiffs or any other person with whom they claim to be similarly situated cannot pursue their New York state claims on a collective basis and cannot seek to certify a collective action on the New York State claims.

## FOURTEENTH DEFENSE
### (No Right to Class Action)

121.    This action is not a proper class action, and cannot be properly certified as such, because Plaintiffs have not pleaded, and cannot establish, the existence of each of the requirements under Federal Rule of Civil Procedure 23 or other relevant legal authority.

## FIFTEENTH DEFENSE
### (Cannot Recover Liquidated Damages
### under the NYLL and FLSA)

122.    Plaintiffs or any other person with whom they claim to be similarly situated, cannot recover liquidated damages under both the Fair Labor Standards Act and the New York Labor Law as it would constitute an impermissible cumulative recovery.  *See Chowdhury v. Hamza Express Food Corp.*, No. 15-3142-cv, 2016 WL 7131854 (2d Cir. Dec. 7, 2016).

## SIXTEENTH DEFENSE
### (Good Faith and Reliance)

123.    The actions taken by NYHC with respect to Plaintiffs and any other person with whom they claim to be similarly situated resulted from good-faith reliance on a written administrative regulation, order, ruling, approval, opinion, interpretation, or administrative practice or enforcement policy of the Administrator of the Wage and Hour Division of the United States Department of Labor and/or the New York States Department of Labor.

## SEVENTEENTH DEFENSE
### (Good Faith and Reasonable
### Belief in Compliance)

124.    The actions taken by NYHC with respect to Plaintiffs and any other person with whom they claim to be similarly situated were taken in good faith and with

reasonable grounds to believe such conduct comported with the Fair Labor Standards Act, New York Labor Law, the New York Home Care Worker Wage Parity Act, and/or with interpretations of the Fair Labor Standards Act, the New York Labor Law, or the New York Home Care Worker Wage Parity Act.

**EIGHTEENTH DEFENSE**
**(*De Minimus* Activities)**

125.     While it is denied that any compensation is owed to Plaintiffs or to any other person with whom they claim to be similarly situated, in the event that it is determined that Plaintiffs or any other similarly situated person worked additional uncompensated time, such time was *de minimus* and is not compensable.

**NINETEENTH DEFENSE**
**(Not Covered By New York Home**
**Care Worker Wage Parity Act)**

126.     Some or all of the claims asserted by Plaintiffs and any other person with whom they claim to be similarly situated are not covered by or are excepted from the New York Home Care Worker Wage Parity Act.

**TWENTIETH DEFENSE**
**(No Private Right of Action under the**
**Home Care Worker Wage Parity Act)**

127.     The claims of Plaintiffs and any other person with whom they claim to be similarly situated arising under the New York Home Care Worker Wage Parity Act are barred because no private right of action is available under the Act.

## TWENTY-FIRST DEFENSE
### (No Uniform Policy or Plan)

128.    If NYHC violated any provision of the Fair Labor Standards Act, New York Labor Law, New York Public Health Law, or applicable Codes, Rules and Regulations, (and it did not), such violation was not pursuant to a uniform policy or plan.

## TWENTY-SECOND DEFENSE
### (Exclusions and Credits)

129.    The claims of Plaintiffs and any other person with whom they claim to be similarly situated are barred or should be reduced, in whole or in part, by exclusions, exemptions, exceptions, credits, recoupment, and/or offsets permissible under the Fair Labor Standards Act, the New York Labor Law, and/or the New York Home Care Worker Wage Parity Act.

## TWENTY-THIRD DEFENSE
### (Set-Off)

130.    If this action is certified as a collective action, NYHC is entitled to a set-off with respect to every such individual for money paid in amounts for any hours when the Plaintiffs and/or similarly situated individuals were not working and for any other compensation beyond that to which they were entitled while employed by NYHC.

## TWENTY-FOURTH DEFENSE
### (Accord and Satisfaction
### Discharge or Release)

131.    Subject to proof through discovery, some or all of Plaintiffs' and/or putative collective members' claims are barred by accord and satisfaction, discharge, abandonment, and/or release.

## TWENTY-FIFTH DEFENSE
### (Estoppel)

132.    NYHC relied to its determinant on the submission of time records which did not set forth the time for which compensation is now sought, or on other acts or omissions of Plaintiffs and any other person with whom they claim to be similarly situated including their knowledge, acquiescence, consent, approval, ratification, participation, or failure to notify NYHC of the acts complained of in this action.  Plaintiffs and any other person with whom they claim to be similarly situated are therefore estopped under principles of equity from asserting recovery from any wage claims or have waived their right to assert or recover from such claims.

## TWENTY-SIXTH DEFENSE
### (No Prejudgment Interest and Liquidated Damages)

133.    Plaintiffs and any other person with whom they claim to be similarly situated may not recover both prejudgment interest and liquidated damages.

## TWENTY-SEVENTH DEFENSE
### (Prejudgment Interest)

134.    The Complaint fails to states a claim upon which prejudgment interest may be granted.

## TWENTY-EIGHTH DEFENSE
### (Wage Theft Prevention Act Defense)

135.    To the extent Plaintiffs and any other person with whom they claim to be similarly situated did not receive a notice or statement required by the Wage Theft Prevention Act, it is excused because NYHC made timely and complete payment of all wages due and/or reasonably believed in good faith that such notice or statement was not required.

## TWENTY-NINTH DEFENSE
### (Agreement to Arbitrate)

136.     Members of the putative collective are barred and precluded from recovery in this forum because their claims are subject to controlling arbitration agreements with class and collective action waivers. As a result, the court lacks subject matter jurisdiction over the claims of those putative collective members.  As to those putative collective members, the case should be dismissed for failure to arbitrate, or alternatively, those members of the putative collective should be compelled to arbitrate their claims individually.

## THIRTIETH DEFENSE
### (No Supplemental Jurisdiction)

137.     The Court should decline to exercise supplemental jurisdiction over Plaintiffs' states law claims.

## THIRTY-FIRST DEFENSE
### (No Attorneys' Fees)

138.     Plaintiffs and any other person with whom they claim to be similarly situated are not entitled to an award of attorneys' fees, expert fees, or costs.

## THIRTY-SECOND DEFENSE
### (Payment)

139.     The Complaint is barred, in whole or in part, because Plaintiffs and any other person with whom they claim to be similarly situated were properly paid all sums which may have been due to them under the applicable laws and their corresponding regulations.

## THIRTY-THIRD DEFENSE
### (No Unlawful Deductions)

140.     To the extent Plaintiffs and any other person with whom they claim to be similarly situated seek to assert claims for unlawful deductions, they are not entitled to recover

on such claims to the extent any such amounts withheld do not constitute deductions under applicable law, to the extent NYHC was empowered to make any such deductions under applicable law, and/or to the extent any such deductions were knowingly and voluntarily authorized and/or agreed to by Plaintiffs or any other person with whom they claim to be similarly situated.

## THIRTY-FOURTH DEFENSE
### (Individual Questions Predominate)

141.    The types of claims Plaintiffs allege on their own behalf and on behalf of others similarly situated are claims in which individual questions predominate and for which collective treatment is not appropriate.  Plaintiffs' claims cannot be properly joined with the claims of any individuals they seek to represent because their claims are individualized claims and fact-specific and do not arise out of a common set of facts as those claims they purport to assert on behalf of the individuals they seek to represent.

## THIRTY-FIFTH DEFENSE
### (FRCP 8(d))

142.    Plaintiffs' claims are barred to the extent that they are not simple, concise or direct as required by Rule 8(d).

## THIRTY-SIXTH DEFENSE
### (Failure to Exhaust Administrative Remedies)

143.    Plaintiffs' claims, and the claims of those individuals with whom they claim to be similarly situated, are barred to the extent they have failed to exhaust administrative remedies.

## THIRTY-SEVENTH DEFENSE
### (Improper Collective Representatives)

144.    Plaintiffs are inadequate representatives of the allegedly similarly situated groups of persons whom they purport to represent, and certain of Plaintiffs' interests are in conflict with the interest of some or all of the members of the individuals Plaintiffs purport to represent.

## THIRTY-EIGHTH DEFENSE
### (No Private Right of Action)

145.    Plaintiffs and those individuals with whom they claim to be similarly situated have no private right of action to assert a claim that they did not receive an annual notice under New York Labor Law § 195(1).

## THIRTY-NINTH DEFENSE
### (Venue)

146.    Plaintiffs are barred from pursuing their claims in the Eastern District of New York because venue is improper, and the Complaint, and each purported claim contained therein with respect to the NYHC should be dismissed under Rule 12(b)(3) of the Federal Rules of Civil Procedure or, in the alternative, transferred to the proper venue.

## FORTIETH DEFENSE
### (No Equitable Relief)

147.    Plaintiffs' request for relief that is equitable in nature must be dismissed because Plaintiffs and those individuals they seek to represent have adequate remedies at law. Additionally, the allegations in the Complaint do not meet the legal requirements for such relief.

## RESERVATION OF RIGHTS

148.    NYHC reserves the right to raise additional affirmative and other defenses that may subsequently become or appear applicable to Plaintiffs' claims.

## JURY TRIAL DEMAND

149.    NYHC requests a jury trial on all issues triable by jury.

WHEREFORE, NYHC respectfully requests judgment dismissing the Complaint with prejudice and awarding it costs, reasonable attorneys' fees, and such other relief as this Court deems just and proper.


Dated:  October 26, 2021


**HODGSON RUSS LLP**
*Attorneys for Defendant*

By: s/ Joshua Feinstein
          Peter C. Godfrey
          Joshua Feinstein
605 Third Avenue, Suite 2300
New York, New York 10158
Telephone: 716.848.1336
*pgodfrey@hodgsonruss.com*
*jfeinstein@hodgsonruss.com*