**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@samuelandstein.com

Attorneys for Plaintiffs

| | |
|---|---|
| Shantell Lewis, Jennifer Grant, Syrene Patten and Kianna Reneau,<br><br>Plaintiff(s),<br><br>-against-<br><br>New York Healthcare Inc.,<br><br>Defendant(s). | DOCKET NO._____<br><br>**AMENDED**<br>**COMPLAINT** |

Plaintiffs Shantell Lewis, Jennifer Grant, Syrene Patten and Kianna Reneau, by and through their undersigned attorneys, for their amended complaint against defendant New York Healthcare Inc., allegeas follows:

**NATURE OF THE ACTION**

1. Plaintiffs Shantell Lewis, Jennifer Grant, Syrene Patten and Kianna Reneau allege on behalf of themselves, as former employees of defendant New York Healthcare Inc. ("NYHC"), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum

wage, (ii) unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay as required by law, (iii) compensation to pay wages for all hours worked; (iv) compensation for NYHC's failure to pay Plaintiffs on time, and (v) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the Defendant's violations lacked a good faith basis.

2. Ms. Lewis, Ms. Grant, Ms. Patten and Ms. Reneau further complain that under the New York Labor Law they are entitledto (i) compensation for wages paid at less than the statutoryminimum wage; (ii) back wages for failure to pay wages for all hours worked; (iii) back wages for overtime work for whichDefendant willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations;(iv) compensation for Defendant's violations of the spread-of-hours requirements of New York Labor Law; (v) compensation for Defendant's failure to the full compensation owed underNew York's Wage Parity Act, Public Health Law § 3614-c; (vi)liquidated damages pursuant to New York Labor Law for these violations; and (vii) statutory damages for Defendant'sviolation of the Wage Theft Prevention Act.

## THE PARTIES

3. Plaintiff Lewis is an adult individual residing in Queens, New York.

4. Plaintiff Grant is an adult individual residing in Queens, New York.

5. Plaintiff Syrene Patten is an adult individual residing in Brooklyn, New York.

6. Plaintiff Reneau is an adult individual residing in Inwood, New York.

7. Defendant NYHC, is a domestic business corporation organized under the law of the State of New York with a principal place of business at 33 West Hawthorne Avenue, 3rd Floor, Valley Stream, New York 11580.

8. Defendant NYHC owns and operates a home health care service, placing home health and personal care aides at the homes of patients in the New York Metropolitan area, patients who have medical and personal care needs.

9. At all relevant times herein, defendant NYHC was a licensed home health care agency with contractual relationships with one or more managed care plans under which defendant NYHC was reimbursed by such managed care plans for services performed by its HHA employees.

10. At all relevant times herein, NYHC was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11. At all relevant times, defendant NYHC has been and

continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

12. Upon information and belief, at all relevant times, defendant NYHC has had gross revenues in excess of $500,000.00.

13. Upon information and belief, at all relevant times herein, defendant NYHC has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

14. At all relevant times herein, Defendant constituted an "employer" of Ms. Lewis, Ms. Grant and Ms. Patten as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

15. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

16. Venue is proper in their district pursuant to 28 U.S.C. § 1391 because Defendant's business is located in this district.

## FACTS

17. At all relevant times herein, Defendant owned and operated a home health agency in Long Island and New York City, New York.

18. Ms. Lewis was employed as a home health aide ("HHA") at NYHC from approximately August 2017 until August 2020.

19. Ms. Grant was employed as an HHA at NYHC, from approximately June 2016 until June 2021.

20. Ms. Patten was employed as an HHA at NYHC, from approximately 2016 until June 2020.

21. Ms. Reneau was employed as an HHA at NYHC from approximately March 2018 until November 2021.

22. Plaintiffs' work was performed in the normal course of Defendant's business and was integrated into the business of Defendant, and did not involve executive or administrative responsibilities.

23. At all relevant times herein, Plaintiffs were employees engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and itsimplementing regulations.

24. During their employment by defendant NYHC, each plaintiff worked a regular schedule of five, six or seven days per week, each work day usually consisting of a 24-hour shift.

25. As a result, Plaintiffs were each working

approximately 120 to 168 hours per week during their employment with the Defendant.

26. Plaintiffs were each paid weekly, at a rate of between $140 and $195 per day by direct deposit check throughout their employment by the Defendant.

27. Plaintiffs were issued pay stubs by Defendants indicating hourly wages between $13 and $17 per hour, however the pay stubs only indicated 13 hours per day, instead of the 24 hours per day the plaintiffs each usually worked.

28. Defendant only paid Plaintiffs for 13 hours per day, even though Plaintiffs usually did not get five uninterrupted hours of sleep each night that they were working for Defendant.

29. Plaintiffs' effective rates of pay were sometimes below the statutory New York City minimum wage in effect at relevant times.

30. Defendant's failure to pay Plaintiffs an amount at least equal to the New York City minimum wage in effect during relevant time periods was willful, and lacked a good faith basis.

31. Defendant also failed to pay Plaintiffs wages for all hours worked, because Plaintiffs usually did not receive at least five uninterrupted hours of sleep per day, and thus usually worked 24-hour shifts on most work days.

32. Plaintiff Lewis complained to NYHC employee

"Jessica" on multiple occasions during 2019 by telephone about the sleep interruptions she usually experienced while working for Defendant.

33. Plaintiff Patten complained to NYHC employee "Paulette" via text message numerous times during 2017, 2018 and 2019 about the sleep interruptions she usually experienced while working for Defendant.

34. Plaintiff Grant made numerous phone calls to Defendant during her employment about the sleep interruptions she usually experienced while working for Defendant.

35. Plaintiff Reneau complained to NYHC employees "Maribel and "Janet" on multiple occasions by telephone about the sleep interruptions she usually experienced while working for Defendant.

36. In addition, Defendant failed to pay Plaintiffs any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

37. Defendant's failure to pay Plaintiffs the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

38. Throughout Plaintiffs' employment by Defendant NYHC, Defendant's uniform payroll practice was to pay its HHA's every Friday but to delay such payments by at least one

week.

39. Thus each paycheck issued by Defendant to each Plaintiff represented wages for the week commencing on the Saturday thirteen days before the date of such paycheck, and ending on the following Friday 7 days before the date of such paycheck.

40. Defendant's failure to pay Plaintiffs promptly was willful, and lacked a good faith basis.

41. Defendant also failed to pay Plaintiffs an additional hour's pay at the New York minimum wage for each shift that exceeded 10 hours, in violation of New York labor law and its supporting regulations.

42. Defendant NYHC received reimbursements from one or more managed care plans funded by New York State Medicaid funds for Plaintiffs' services.

43. Plaintiffs failed to pay Plaintiffs the total minimum compensation required the Wage Parity Law.

44. Defendant failed to provide Plaintiffs with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, Defendant's contact information, their regular and overtime rates, and intended allowances claimed – and failed to obtain their signatures acknowledging the same, upon their hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

45. Defendant failed to provide Plaintiffs with accurate weekly records of their compensation and hours worked, in violation of the Wage Theft Prevention Act.

**COUNT I**

**(New York Labor Law – Minimum Wage)**

46. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

47. At all relevant times, Plaintiffs were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

48. Defendant willfully violated Plaintiffs' rights by failing to pay them compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

49. Defendant's failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

50. Due to Defendant's New York Labor Law violations, Plaintiffs are entitled to recover from Defendant their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT II

## (New York Labor Law – Failure to Pay For All Hours Worked)

51. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

52. At all relevant times, Plaintiffs were employed by the Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

53. At all relevant times, Defendant had a policy and practice of failing to pay Plaintiffs for all hours worked, and instead only paid Plaintiffs for thirteen hours each day, even though Plaintiffs usually did not receive five hours of uninterrupted sleep each night.

54. As a result of Defendant's willful failure to compensate Plaintiffs for all hours worked, Defendant violated the NYLL.

55. Such conduct by Defendant was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

56. Due to Defendant's New York Labor Law violations, Plaintiffs are entitled to recover from Defendant their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (Fair Labor Standards Act - Overtime)

57. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

58. At all relevant times, Defendant employed Plaintiffs within the meaning of the FLSA.

59. At all relevant times, Defendant had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

60. As a result of Defendant's willful failure to compensate Ms. Lewis, Ms. Grant, and Ms. Patten at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, Defendant have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

61. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

62. Due to Defendant's FLSA violations, Plaintiffs are entitled to recover from Defendant their unpaid overtime compensation, liquidated damages, interest, reasonable

attorneys' fees, and costs and disbursements of their action, pursuant to 29 U.S.C. § 216(b).

## COUNT IV

### (New York Labor Law - Overtime)

63. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

64. At all relevant times, Plaintiffs were employed by the Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

65. Defendant willfully violated Plaintiffs' rights by failing to pay them overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

66. Defendant's failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

67. Due to Defendant's New York Labor Law violations, Plaintiffs are entitled to recover from Defendant their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

**(Fair Labor Standards Act – Failure to Pay Wages Promptly)**

68. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

69. At all relevant times, Defendant employed Plaintiffs within the meaning of the FLSA.

70. Defendant engaged in a widespread pattern, policy and practice of failing to promptly pay Plaintiffs.

71. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

72. Due to Defendant's FLSA violations, Plaintiffs are entitled to recover from Defendant damages for the failure to pay promptly, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of their action, pursuant to 29 U.S.C. § 216(b).

## COUNT VI

**(New York Labor Law – Failure to Pay Wages Timely)**

73. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

74. At all relevant times, Plaintiffs were employed by

the Defendant and employed as manual workers within the meaning of the New York Labor Law, §§ 2 and 651, and § 191(1)(a)(i).

75. Defendant failed to pay Plaintiffs in a timely manner in violation of NYLL § 191(1)(a)(i).

76. Defendant's failure to pay Plaintiffs in a timely manner was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

77. Due to Defendant's New York Labor Law violations, Plaintiffs are entitled torecover from Defendant damages for late payment of wages, liquidated damages, interest, reasonable attorneys' fees, andcosts and disbursements of the action, pursuant to New YorkLabor Law § 198, and § 663(1).

**COUNT VII**

**(New York Labor Law – Wage Parity Law Violations)**

78. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fullyand again herein.

79. At all relevant times, Plaintiffs were employed by the Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

80. At all relevant times, Defendant failed to pay Plaintiffs the applicabletotal compensation required under

the Wage Parity Law.

81. Defendant's failure to pay Plaintiffs the total compensation as requiredby the Wage Parity Law was willful and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663and supporting regulations.

82. Due to Defendant's New York Labor Law violations, Plaintiffs are entitled torecover from Defendant damages for Defendant's failure to paythe total compensation required under the Wage Parity Law, liquidated damages, interest, reasonable attorneys' fees, andcosts and disbursements of the action, pursuant to New YorkLabor Law § 198, and § 663(1).

## COUNT VIII

### (New York Labor Law – Spread of Hours)

83. Plaintiffs repeat, reallege and incorporate by reference the foregoing allegations as if set forth fully again herein.

84. At all relevant times, Plaintiffs were employed by the Defendant within the meaning of New York Labor Law §§ 2 and 651.

85. Defendant willingly violated Plaintiffs' rights by failing to pay them an additional hour's pay at the minimum wage for each day they worked a shift lasting in excess of ten hours from start to finish, in violation of the New York Labor Law § 198, § 163 and supporting regulations.

86. Defendant's failure to pay Plaintiffs the spread-of-hours compensation was willful and lacked a good faith basis, within the meaningof New York Labor Law § 198, § 663 and supporting regulations.

87. Due to Defendant's New York Labor Law violations, Plaintiffs are entitled torecover from Defendant their unpaid spread-of-hours compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action,pursuant to New York Labor Law § 198, and § 663(1).

**COUNT IX**

**(New York Labor Law – Wage Theft Prevention Act)**

88. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fullyand again herein.

89. At all relevant times, Plaintiffs were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

90. Defendant willfully violated Plaintiffs' rights by failing to provide them with the wage notice required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

91. Defendant willfully violated Plaintiffs' rights by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during their

16

employment.

92. Due to Defendant's New York Labor Law violations relating to the failure to provide paystubs, Plaintiffs are entitled to recover from the Defendant statutory damages of $250 per day from 2016 through the end of their employment, up to the maximum statutory damages.

93. Due to Defendant's New York Labor Law violations relating to the failure to provide wage notices, Plaintiffs are entitled to recover from the Defendant statutory damages of $50 per day from 2016 to the termination of their employment, up to the maximum statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against the Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. A compensatory award of unpaid compensation, at

the statutory overtime rate, due under the FLSA and the New York Labor Law;

d. Compensatory damages for failure to pay wages for all hours worked under the FLSA and New York Labor Law;

e. Compensatory damages for failure to pay the minimum wage pursuant to New York Labor Law;

f. Compensatory damages for failure to pay wages promptly under the FLSA;

g. Compensatory damages for failure to pay wages timely under the New York Labor Law;

h. Compensatory damages for failure to pay total compensation required by the New York Wage Parity Law;

i. Compensatory damages for failure to pay the spread-of-hours compensation pursuant to New York Labor Law;

j. An award of liquidated damages as a result of Defendant's willful failure to pay the statutory minimum wage, overtime and prompt compensation pursuant to 29 U.S.C. § 216;

k. Liquidated damages for Defendant's New York Labor Law violations;

l. Statutory damages for Defendant's violation of the New York Wage Theft Prevention Act;

m. Back pay;

n. Punitive damages;

o. An award of prejudgment and post-judgment interest;

p. An award of costs and expenses of their action together with reasonable attorneys' and expert fees; and

q. Such other, further, and different relief as the Court deems just and proper.

Dated: February 24, 2022

/s/ Michael Samuel
Michael Samuel (MS 7997)
THE SAMUEL LAW FIRM
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
Attorneys for Plaintiffs
